IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SONDRA ARSENAULT,                    *

    Plaintiff,                           *

    v.                                   *          Civil Action No. RDB-20-0998

STATE OF MARYLAND,                   *
*Department of Public Safety and*
*Correctional Services*,              *

    Defendant.                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Sondra Arsenault ("Plaintiff" or "Arsenault") brings this employment discrimination action against her employer, Defendant the State of Maryland's Department of Public Safety and Correctional Services ("Defendant" or "DPSCS"). Arsenault alleges that she was harassed based on her sex and retaliated against in violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-601, *et seq.* (Counts One, Two, and Three)[1], and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) (Counts Four, Five, and Six). Presently pending are Defendant's Motion to Dismiss (ECF No. 5) and Plaintiff's Motion to Amend Complaint (ECF No. 10). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 5) shall be GRANTED IN PART and DENIED IN PART. Specifically, Counts One, Two, Three,

---

[1] In her Opposition, Plaintiff concedes the dismissal of her claims under the Maryland Fair Employment Practices Act (Counts One, Two, and Three) as untimely. *See infra.*

Four, and Six will be DISMISSED WITH PREJUDICE.  Plaintiff's Motion to Amend Complaint (ECF No. 10) shall be GRANTED as to the Title VII claim in Count Five (Hostile Work Environment) only.  Accordingly, this case shall proceed as an Amended One-Count Complaint.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff Arsenault has worked at Defendant the State of Maryland's Department of Public Safety and Correctional Services ("DPSCS") since November 3, 2004.  (Compl. ¶ 1, ECF No. 1-1.)  Specifically, Arsenault was employed at the Eastern Correctional Institution ("ECI") in Westover, Maryland.  (*Id.* ¶ 2.)  Arsenault alleges that, from about January 1, 2017 to May 15, 2017, her supervisor, Genesis Copeland, "continuously subjected the Plaintiff to sexual harassment…such as unwelcome and uninvited inappropriate sexual contact, repeated sexual advances, sexually explicit comments, unwelcome and uninvited jokes of a sexual nature, and uninvited prolonged staring."  (*Id.* ¶ 3.)

Plaintiff alleges that she made ECI's Warden Ricky Foxwell, Personnel Director Christy Semen, and Chief Walter Holmes aware of the alleged sexual harassment, but that Defendant

DPSCS "did not take any effective steps to end the sexual harassment." (*Id.* ¶ 4.) Instead, she asserts that, from about June 1, 2017 through September 28, 2018, Warden Foxwell, Personnel Director Semen, and Chief Holmes retaliated against her "by subjecting her to workplace bullying, undesirable work assignments, fabricated performance reviews, unsafe working conditions, and engaging in actions which undermined Plaintiff's professional credibility." (*Id.* ¶ 5.) On or about September 22, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 9.) While the EEOC did not find a basis for this claim of discrimination, it issued Arsenault a Right to Sue Notice on March 25, 2020. (EEOC Notice of Right to Sue, ECF No. 11-3.)[2]

Arsenault originally brought suit in the Circuit Court for Somerset County, Maryland on March 19, 2020. (Compl., ECF No. 1-1.) On April 20, 2020, Defendant removed the action to this Court pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331, 1343. (Notice of Removal, ECF No. 1.) On May 31, 2020, Defendant filed the presently pending Motion to Dismiss (ECF No. 5), and on July 15, 2020, Plaintiff filed the presently pending Motion to Amend Complaint (ECF No. 10).

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint

---

[2] This Court may properly consider the EEOC's Notice of Right to Sue because it is integral to the Complaint and there is no dispute about its authenticity. *See Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). On March 19, 2020, Plaintiff's counsel requested a Right to Sue letter from the EEOC. (*See* Pl.'s Opp'n at 2, ECF No. 11.) The same day, Plaintiff filed this suit in anticipation of receiving the EEOC's Notice of Right to Sue, which was issued on March 25, 2020.

if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007)).  In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).  A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted).  Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## ANALYSIS

While Arsenault initially asserted her claims under both Title VII and the Maryland Fair Employment Practices Act ("MFEPA"), Arsenault notes in her opposition that she "does not oppose that Defendant's contention that Counts One, Two, and Three are untimely and does not oppose dismissal of those Counts."  (Pl.'s Opp'n at 1, ECF No. 11.)  Accordingly, Plaintiff's claims under the MFEPA (Counts One, Two, and Three) will be DISMISSED WITH PREJUDICE.  Arsenault's claims for harassment/hostile work environment (Counts Four and Five) and retaliation (Count Six) under Title VII are addressed below.[3]

## I.   Harassment/Hostile Work Environment (Counts Four and Five)

In Count Four, Plaintiff alleges sexual harassment in violation of Title VII, and in Count Five, she alleges hostile work environment based on her sex in violation of Title VII.

---

[3] Defendant originally argued that Plaintiff failed to exhaust her administrative remedies for her Title VII claims because she did not allege that she received a Right to Sue letter from the EEOC.  However, Plaintiff has provided her March 25, 2020 EEOC Notice of Right to Sue letter with her Opposition (ECF No. 11-3), and this Court is satisfied that Plaintiff has exhausted her administrative remedies as to her Title VII claims.

Under Title VII, "[a]ctionable workplace sexual harassment claims come in two forms: (1) claims of a hostile work environment due to severe or pervasive sexual harassment and (2) claims of *quid pro quo* sexual harassment." *Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 3d 398, 411 (D. Md. 2015) (citing *Pitter v. Cmty. Imaging Partners, Inc.*, 735 F. Supp. 2d 379, 390 (D. Md. 2010). A *quid pro quo* claim sexual harassment claim arises "when an employer conditions, explicitly or implicitly, the receipt of a job benefit or a tangible job detriment on the employee's acceptance or rejection of sexual advances." *Id.* (quoting *Reinhold v. Virginia*, 135 F.3d 920, 931 (4th Cir. 1998)). Here, Arsenault alleges only a hostile work environment based on her sex and her claim under Count Four for "harassment" does not allege *quid pro quo* sexual harassment. Nor does Arsenault's proposed Amended Complaint (ECF No. 10-1) contain any allegations of *quid pro quo* sexual harassment. Accordingly, amendment would be futile and Count Four must be dismissed with prejudice.

To establish a *prima facie* case for a hostile work environment, a plaintiff must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on his race or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). In weighing whether conduct was sufficiently "severe or pervasive," courts consider the following factors: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

The United States Court of Appeals for the Fourth Circuit has set a "high bar in order to satisfy the severe or pervasive test."  *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).  The Fourth Circuit has recognized that,

> [w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard.  Some rolling with the punches is a fact of workplace life.  Thus, complaints premised on nothing more than "rude treatment by [coworkers]," "callous behavior by [one's] superiors," or "a routine difference of opinion and personality conflict with [one's] supervisor," are not actionable under Title VII.

*Id.* at 315-16 (quoting *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 276 (4th Cir. 2000)).

Arsenault's factual allegations in her original Complaint are insufficient to "raise a right to relief above the speculative level."  *McLeary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).  Arsenault alleges generally that from about January 1, 2017 to May 15, 2017, her supervisor, Genesis Copeland, "continuously subjected the Plaintiff to sexual harassment…such as unwelcome and uninvited inappropriate sexual contact, repeated sexual advances, sexually explicit comments, unwelcome and uninvited jokes of a sexual nature, and uninvited prolonged staring." (Compl. ¶ 3, ECF No. 1-1.)  She also alleges that she made ECI's Warden Ricky Foxwell, Personnel Director Christy Semen, and Chief Walter Holmes aware of the alleged sexual harassment, but that Defendant DPSCS "did not take any effective steps to end the sexual harassment."  (*Id.* ¶ 4.)  Finally, she alleges that, from about June 1, 2017 through September 28, 2018, Warden Foxwell, Personnel Director Semen, and Chief Holmes retaliated against her "by subjecting

her to workplace bullying, undesirable work assignments, fabricated performance reviews, unsafe working conditions, and engaging in actions which undermined Plaintiff's professional credibility." (*Id.* ¶ 5.)   These wholly conclusory allegations are insufficient as they do not identify any specific incident reflecting a hostile work environment based on Plaintiff's sex.

However, Plaintiff seeks leave to amend her Complaint to address the deficiencies discussed above.  (ECF No. 10.)   While Fed. R. Civ. P. 15(a) requires that leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).  As this Court has repeatedly explained, an amendment is futile if it would not survive a motion to dismiss.  *See, e.g.*, *Whitaker v. Ciena Corp.*, RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018) (citing *Tawwaab v. Virginia Linen Service, Inc.*, 729 F. Supp. 2d 757, 770 (D. Md. 2010)).

Here, amendment with respect to Count Five is not futile as Plaintiff's additional allegations survive Defendant's Motion to Dismiss.   Arsenault's proposed Amended Complaint contains more detailed allegations pertaining to the alleged hostile work environment that reveal a workplace severely permeated with sexual insults and gestures by her supervisor. (*See* Proposed Am. Compl., ECF No. 10-1.)   For example, Arsenualt alleges, *inter alia*, that: on or about April 10, 2017, her supervisor Copeland "grabbed the Plaintiff's behind" (*id.* ¶ 5); even after reporting this unconsented touching to superiors, the harassment did not stop (*id.* ¶¶ 5-6); in April of 2017, Copeland asked Plaintiff "if she could go out with him so that he could see her in tights" (*id.* ¶ 7); in late April or May of 2017, Plaintiff was

watching inmates in the dining hall when Copeland, in front of everyone, made lewd comments such as "wanting to see Plaintiff's naked white ass and Plaintiff's pink p**** lips" (*id.* ¶ 8). These allegations suffice to state a claim for a hostile work environment as they were allegedly frequent and were not "mere offensive utterance[s]." *See Harris*, 510 U.S. at 23.

Nor do the cases cited by Defendant persuade the Court otherwise, as the majority of the cited cases were decided on summary judgment. *See Irani v. Palmetto Health*, 767 F. App'x 399, 417 (4th Cir. 2019) (affirming summary judgment for defendant on hostile work environment claim); *Hopkins v. Balt. Gas & Elec. Co.*, 77 F.3d 745, 753 (4th Cir. 1996) (affirming summary judgment for defendant on hostile work environment claim); *Holleman v. Colonial Heights Sch. Bd.*, 854 F. Supp. 2d 344 (E.D. Va. 2012) (granting summary judgment for defendant on hostile work environment claim); *Khoury v. Meserve*, 268 F. Supp. 2d 600 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (granting summary judgment for defendant on hostile work environment claim); *Alexander v. Bloomingdales, Inc.*, No. PWG-17-3283, 2019 WL 2162286 (D. Md. May 17, 2019), *aff'd* 780 F. App'x 48 (4th Cir. 2020) (granting summary judgment for defendant on hostile work environment claim). Defendant's cited cases that were decided on Rule 12(b)(6) motions are distinguishable as those plaintiffs either did not allege any harassment or discriminatory conduct by their supervisors or did not allege frequent harassing conduct. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521 (D. Md. 2015), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016) (hostile work environment claim dismissed based on two discrete incidents where coworker "exposed his chest and made inappropriate body movements towards [plaintiff' and told her she looked "like a piece of candy"); *McLaurin v. Verizon Md., Inc.*, JKB-14-4053, 2015 WL 5081622 (D. Md. Aug. 26, 2015) (dismissing hostile

work environment claim alleging only that a coworker called plaintiff a "bitch," another coworker "urinated in front of her," and a supervisor "cursed" at her). Here, Arsenault's allegations are directly tied to her supervisor's lewd conduct and statements, which this Court finds sufficiently plausible to meet the 12(b)(6) dismissal standard.

Accordingly, this Court finds that Plaintiff's proposed Amended Complaint (ECF No. 10-1) sufficiently states a claim for a hostile work environment. As a result, Plaintiff's Motion to Amend Complaint (ECF No. 10) will be GRANTED as to Count Five (Hostile Work Environment).

## II.     Retaliation (Count Six)

Arsenault also alleges that Warden Foxwell, Personnel Director Semen, and Chief Holmes retaliated against her after she complained of supervisor Copeland's conduct "by subjecting her to workplace bullying, undesirable work assignments, fabricated performance reviews, unsafe working conditions, and engaging in actions which undermined Plaintiff's professional credibility." (Compl. ¶ 5.)

The elements of a retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)). A protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e-3(a). The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* As for the opposition clause, the Fourth Circuit has held that "protected oppositional activities

may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complaints … about suspected violations.'" *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543-55 (4th Cir. 2003)).   Here, Plaintiff's alleged protected activity would be oppositional, as she alleges she complained to her superiors about the discriminatory activities.

However, Arsenault's Complaint fails to state a claim for retaliation as she does not identify any adverse employment action.  According to the record in this case, Arsenault still works at the Eastern Correctional Institution and does not allege that she has experienced any change in employment, salary, or benefits based on her alleged protected activity.  Nor does Arsenault's Proposed Amended Complaint salvage Count Six's claim for retaliation.  (*See* Proposed Am. Compl., ECF No. 10-1.)  While Plaintiff adds more details about Foxwell's, Semen's, Holmes's, and other coworkers' personal treatment of her after she complained of Copeland's conduct, she does not allege any change in her employment to state an actionable claim for retaliation under Title VII.   Even if Arsenault had experienced an adverse employment action, the Proposed Amended Complaint does not sufficiently allege a causal link between her alleged protected activity and any such action.  This Court has held that an inference of a causal connection exists where the adverse action occurs "shortly after learning of the protected activity."  *Cepada v. Bd. of Educ. of Baltimore County*, 814 F. Supp. 2d 500, 515 (D. Md. 2011).  Such presence of a "close" temporal relationship between the protected activity and the alleged adverse action can be sufficient to establish a causal connection at the pleading stage.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149

L.Ed.2d 509 (2001) (holding that alleged "temporal proximity" must be "very close" to satisfy this third element).

If the employer did not know of the protected activity, then even temporal proximity cannot save a plaintiff's claim. *Price v. Thompson*, 380 F.3d 209, (4th Cir. 2004), *abrogation on other grounds recognized by Waag v. Sotera Defense Solutions, Inc.*, 857 F.3d 179, 192 (4th Cir. 2017) (explaining that an employer must know the employee engaged in protected activity as a prerequisite to establishing a causal connection). The Fourth Circuit has not set forth a specific timeframe for what constitutes "very close." *Pascual v. Lowe's Home Centers, Inc.*, 193 Fed. App'x 229, 233 (4th Cir. 2006). However, in cases where the temporal proximity is "missing," "courts may look to the intervening period for other evidence of retaliatory animus." *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

The Amended Complaint does not identify any particular adverse action that occurred within a close proximity of Plaintiff's filing a complaint with Defendant. Rather, Plaintiff alleges sporadic incidences of her coworkers "making comments about the Plaintiff that they cannot talk to her or joke with her anymore and started treating the Plaintiff differently." (Proposed Am. Compl. ¶ 20.) Plaintiff simply cannot establish a causal link between her alleged protected activity and any adverse employment action. Accordingly, her retaliation claim under Count Six will be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 5), is GRANTED IN PART and DENIED IN PART. Specifically, Counts One, Two, Three,

Four, and Six are DISMISSED WITH PREJUDICE.  Plaintiff's Motion to Amend Complaint (ECF No. 10) is GRANTED as to the Title VII claim in Count Five (Hostile Work Environment) only.

A separate Order follows.


Dated: December 28, 2020


_____/s/_____
Richard D. Bennett
United States District Judge

13